1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 PATRICIA A. F.,[1]                   Case No. 5:19-cv-00195 AFM

12             Plaintiff,

13                         **MEMORANDUM OPINION AND**
                                   **ORDER REVERSING AND**

14        v.                       **REMANDING DECISION OF**
                                     **THE COMMISSIONER**

15 ANDREW M. SAUL, Commissioner
of Social Security,

16

17                Defendant.

18        Plaintiff seeks review of the Commissioner's final decision denying her

19 application for Social Security disability insurance benefits. In accordance with the

20 Court's case management order, the parties have filed briefs addressing the merits of

21 the disputed issues. This matter is now ready for decision.

22                             **BACKGROUND**

23        Plaintiff filed an application for Social Security disability insurance benefits

24 on November 17, 2014, claiming a disability onset date of October 29, 2014.

25 (Administrative Record ("AR") 125, 209.) Her claim was initially denied on

26

27      ──────────────
     [1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure

28 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case
Management of the Judicial Conference of the United States.

April 29, 2015 and upon reconsideration. (AR 141-145.) Plaintiff testified at a hearing held on September 5, 2017. (AR 44-104.) Also testifying was a vocational expert ("VE"). (AR 44-104.) On February 28, 2018, Plaintiff was notified of an unfavorable decision by the ALJ. (AR 14-33.) The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. (AR 1-4.)

## DISPUTED ISSUES

1. Whether the ALJ properly evaluated the medical evidence of record.
2. Whether the ALJ properly evaluated Plaintiff's subjective symptom complaints.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The Court reviews the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

## DISCUSSION

Plaintiff contends that the ALJ failed to properly evaluate her credibility and subjective complaints.

## A. Relevant Law

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms . . . and determine the extent to which [those] symptoms limit his . . . ability to perform work-related activities . . . ." SSR 16-3p, 2016 WL 1119029, at *4. Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of his symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014)).

"General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc)). Factors an ALJ may consider when making such a determination include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, unexplained failure to pursue or follow treatment, and inconsistencies in testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

## B. Analysis

The ALJ summarized Plaintiff's allegations as including irritable bowel disease, degenerative disc disease of the back, stenosis of the spine, pituitary tumor in the brain, severe migraine headaches, polycythemia, frozen shoulder injury/inflammation, problems with both hands, pain in the finders and wrists, low

blood oxygen, and type 2 diabetes. (AR 21.) The ALJ also summarized Plaintiff's testimony that she stopped working due to irritable bowel issues, has issues with her back and standing, cannot sit or stand for very long, has neck pain every other day, has daily lower back pain, has a frozen right shoulder impingement, has had right shoulder surgery, has problems reaching and cannot raise her shoulder over her head, does not use her computer because of problems with her right and left hands, can lift and carry a maximum of approximately five to ten pounds, and has daily headaches. (AR 21-22.) The ALJ found that Plaintiff's symptoms were reasonably likely to be caused by her medically determined impairments but that the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. (AR 21-22.) In discounting Plaintiff's claimed symptoms, the ALJ provided two reasons – as discussed below.

1. <u>Inconsistency with Daily Activities</u>

The ALJ found that Plaintiff's daily activities were not consistent with her claimed symptoms, particularly her difficulty sitting and standing. (AR 22.) In reaching this conclusion, the ALJ relied on information including an adult function report completed by Plaintiff (AR 260-271) and Plaintiff's testimony at the hearing (AR 49-104). In the report, Plaintiff wrote that she lived alone and was "[u]nable to drive long distances due to severe degenerative disc disease, and unable to walk at times due to this problem." (AR 263.) She also wrote that she can shower, get dressed, and feed her dogs, but that other people cleaned up after the dogs. (AR 264.) She further reported that when she has severe back pain, she cannot lift her leg which impacts her dressing, bathing, and use of the toilet, and her shoulder pain impacts her ability to care for her hair. (AR 264.) Relating to house and yard work, Plaintiff wrote that she was able to do laundry and some cleaning, but only did so about once a week and needed help for dusting and vacuuming. (AR 265.) Plaintiff reported shopping only once a week for 30 to 45 minutes. (AR 266.) As for hobbies and interests,

Plaintiff reported that she read and watched television but that her hobbies were affected by her physical impairments because she "can't always get up from the chair." (AR 267.) Furthermore, she had great difficulties standing, reaching, walking, sitting, and climbing stairs due to chronic pain and was unable to use hands for more than 2 hours. (AR 268.) In Plaintiff's appeal disability report, she reported increased pain that made her unable to stand/walk at times. (AR 300.) She further reported that her daily activities had changed such that she "can do very little for [herself] and rel[ies] on family and friends for assistance." (AR 308.)

At the administrative hearing, Plaintiff testified that she "couldn't always stand for very long, or sit" (AR 54), had neck pain every other day, really bad" lower back pain daily, and driving, vacuuming, and mopping exacerbate this pain. (AR 66-68.) As for her postural limitations, Plaintiff testified that sitting is "not always" comfortable and that when driving for work she would often pull over and get out of the car. (AR 69.) She testified that she drives to "pick up prescriptions like maybe every couple weeks," buys food "[a] couple times a month" at a store two blocks away, goes to "Costco for [her] prescriptions," and "drive[s] to [her] mom's" in West Covina "maybe once every couple weeks," which is about an hour drive, although a recent drive time increase has made her drive less often. (AR 74-75.) She blamed her inability to drive long distances on a combination of back pain, irritable bowel syndrome, headaches, eye sight at night, and more. (AR 75.) As for other daily activities, Plaintiff testified that she could not raise her shoulder over her head and that she did not use the computer at home because of her arthritis in both hands. (AR 59.) She also testified that she lived alone and had to get help from her friends and family for errands. (AR 69.) She explained her attempts at household chores as follows: "I get up. I feed my dogs. And clean the bathrooms, take a shower. Wash clothes if I have to wash clothes. I don't wash clothes, maybe every two weeks. I don't do a lot if I – I don't vacuum every day. If I need to – you know, I vacuum when I can." (AR 73-74.) She stated that while she tries to do activities frequently,

she cannot always do so because it aggravates her back. (AR 69.) Plaintiff testified to being able to carry maybe five to ten pounds and that recently when trying to carry two two-liter soda bottles, she could not do so because she "didn't want to hurt [her] back." (AR 71-72.)

Based on the foregoing, the ALJ determined that Plaintiff's daily activities were inconsistent with her subjective symptom allegations:

> Despite alleging difficulty standing and sitting, the claimant testified that she feeds her dogs, can clean the bathrooms, can take a shower, and can wash her clothes. She further indicated that she can vacuum at times. She further testified that she drives and picks up her prescription medications every couple of weeks and is able to buy food a couple times a month from the grocery store. She also indicated that she drives to her mother's house in West Covina, California, once every couple of weeks, a drive which approximately one hour. Lastly, the claimant lives alone, which suggests that she has some capability to independently perform activities of daily living.

(AR 22.)

In challenging this determination, Plaintiff asserts two main points: First, she contends that it was improper for the ALJ to rely on her daily activities because those activities were not transferable to a work setting. However, as the Commissioner points out, daily activities can be used in two ways. They may be evidence of skills that are transferable to a work setting. In addition, as here, daily activities may be relevant to an assessment of Plaintiff's testimony where the activities are allegedly inconsistent with that testimony. *See Burkett v. Berryhill*, 732 F. App'x 547, 552 (9th Cir. 2018) ("While transferability of skills to a work setting is one way in which an ALJ may consider a claimant's daily activities, an ALJ may also discount claimant testimony where reported daily activities contradict the claimant's alleged extent of her limitations."); *Orn*, 495 F.3d at 639 (same).

Second, Plaintiff contends that the ALJ improperly "cherry picked" evidence to support the adverse finding regarding Plaintiff's subjective symptom complaints and that the ALJ did not explain how Plaintiff's daily activities were inconsistent with her claimed symptoms. The Court finds that these contentions have merit.

In *Reddick v. Chater*, the Ninth Circuit held that an ALJ erred when he "developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record." 157 F.3d 715, 722-723 (9th Cir. 1998). As in *Reddick*, the ALJ's paraphrase of the record here concerning daily activities did not fully and fairly account for Plaintiff's testimony and her claimed symptoms. Plaintiff testified that she could not always stand for very long or sit. (AR 54.) Likewise, regarding driving, vacuuming, and mopping, Plaintiff testified that she could not do these activities at all times because they intensified the pain in her back. Because of pain from sitting during driving, she would have to pull over and get out of the car if possible. (AR 66-72.) While Plaintiff reported that she could sometimes drive to her mother's (approximately once every couple of weeks (AR 75)), she did not state she could drive there without stopping and walking around during the trip because of pain. (AR 69-70.) And although Plaintiff did household chores at times, she also testified that at other times she could not do those chores – thus indicating that she could perform chores on days when she was in less pain. (AR 69.)

Moreover, examined as a whole, the record and the ALJ decision do not reflect how Plaintiff's limited activities – such as, at times, being able to feed a dog, shower, vacuum, and wash her clothes − are inconsistent with her claim that she has difficulty standing and sitting. *See generally Reddick*, 157 F.3d at 722 ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). These activities involve standing for a relatively brief period, and Plaintiff testified that she could not engage in them on days when her pain was worse.

Similarly, Plaintiff's driving was limited due to back pain from sitting, and it required her to stop and get out of her car to alleviate the pain. Instead of providing an analysis and resolution of these issues, the ALJ simply stated a conclusion and then recited a broad-brush summary of Plaintiff's activities. That does not constitute a specific, clear and convincing reason. *See Brown-Hunter*, 806 F.3d at 493-494.

## 2. Not Supported by Objective Medical Evidence

The ALJ also determined that Plaintiff's subjective symptom claims were not consistent with the objective medical evidence. (AR 22.) While "medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects," *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), an ALJ may not discredit an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the impairment alleged by the individual. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The Court therefore cannot affirm the ALJ's adverse finding regarding Plaintiff's subjective symptom testimony on that ground alone – even its accepts the Commissioner's view of the record.

\*    \*    \*

In sum, the Court finds that the ALJ erred by failing to provide an adequate reason for discrediting Plaintiff's subjective symptom claims. [2]

## REMEDY

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of

---

[2]  In light of the decision to remand on this ground, the Court declines to address the remaining issue raised by Plaintiff. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act). Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). It is not the Court's intent to limit the scope of the remand.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 12/13/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE